| | |
|---|---|
| DISTRICT COURT OF THE UNITED STATES<br>SOUTHERN DISTRICT OF NEW YORK<br>─────────────────────────────X<br>Diamin Bethea,<br>      -Plaintiff<br><br>  -against-<br><br>Winfield Security Corporation,<br><br>      -Defendant.<br>─────────────────────────────X | Civil Action No.: 23-cv-922<br><br><br><br>**COMPLAINT**<br><br>**JURY TRIAL**<br>**DEMANDED**<br><br>**ECF CASE** |

Plaintiff DIAMIN BETHEA (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, Kareem E. Abdo, Esq., complains against the above captioned Defendant, WINFIELD SECURITY CORPORATION (hereinafter referred to as "Winfield Security" and/or individually as "Defendant" or "the company") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which the Plaintiff, DIAMIN BETHEA, seeks relief for the Defendant WINFIELD SECURITY's violations of her rights secured by the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e to 2000e-17. Plaintiff sought and was issued a "right to sue" letter from the Equal Employment Opportunity Commission. That letter is attached as EXHIBIT A. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees and such other and further relief as this honorable Court deems just and proper.

2. In addition, pursuant to 28 U.S. Code § 1367, Plaintiff asks this honorable court to exercise its supplemental jurisdiction over Plaintiff DIAMIN BETHEA's New York State and New York City claims as "they form part of the same case or controversy."

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. §§ 2000e to 2000e-17. Jurisdiction is conferred upon this honorable Court by 28 U.S.C. § 1331, this being an action seeking redress for the violation of the Plaintiff's rights conferred by federal statute thus raising a federal question.

4. Pursuant to 28 U.S.C. § 1367, this honorable court may also exercise its supplemental jurisdiction over Plaintiff's state and city claims.

5. Venue in this District is proper under 28 U.S.C. § 1391 (b) and (c) in that Defendant, WINFIELD SECURITY, is administratively located in part within the Southern District of New York, and the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

6. Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

## THE PARTIES

7. Plaintiff is a resident of the State of New York, New York County.

8. Defendant WINFIELD SECURITY is a company that provides security service to various businesses. Defendant WINFIELD SECURITY does business in the confines of this federal judicial district as it maintains a location in New York County, New York State, where the facts presented in this COMPLAINT occurred.

## FACTS UNDERLYING THE ACTION

9. Plaintiff DIAMIN BETHEA is an individual.

10. Defendant WINFIELD SECURITY is a purveyor of security service and the employer of the Plaintiff DIAMIN BETHEA.

11. Plaintiff was an employee of Defendant WINFIELD SECURITY. Plaintiff was hired on or about March 2022 as a security guard for the Defendant WINFIELD SECURITY for a Brooklyn, New York homeless shelter for mothers and their children.

12. At the end of August of 2022 Plaintiff began providing security services on behalf of the Defendant WINFIELD SECURITY to The New Providence Mental Health Shelter a shelter which serves men and transgender women who are diagnosed with severe mental illness.

13. When Plaintiff DIAMIN BETHEA first took the assignment to serve at the mental health shelter, Plaintiff DIAMIN BETHEA thought the population was the run-of-the-mill homeless shelter population, which is a tough assignment in and of itself, but the population of the mental health shelter are significantly more aggressive and generally it is a tougher than normal task on behalf of Defendant WINFIELD SECURITY.

14. Plaintiff DIAMIN BETHEA worked at the mental health shelter and after beginning she learned in September 2022, that she had become pregnant.

15. In October of 2022 DIAMIN BETHEA stated affirmatively both that (1) she, DIAMIN BETHEA was pregnant[1] that (2) she, DIAMIN BETHEA requested a transfer from the position with the mental health shelter (3) and that the request was made in reaction to her pregnancy. The same was communicated to her supervisor.

---

[1] And is in fact currently pregnant as of the signature date of this COMPLAINT.

16. To date the Defendant WINFIELD SECURITY has not provided the light work appropriate for a pregnant woman, as required by law and is thus acting illegally as such conduct continues to date.

17. The conduct complained of in this COMPLAINT continues to date and was perpetrated as well during the period of November 8 through November 21, when Plaintiff DIAMIN BETHEA asked both her supervisor, and the company dispatch regarding necessary accommodation for her pregnancy.

18. Plaintiff DIAMIN BETHEA had a traditional schedule for some time, but at the time of the conception of her pregnancy she had, what is known as a "split schedule," which placed her days off on non-conjoining days. Plaintiff DIAMIN BETHEA, explained to the company dispatch, who is one person, and who the Plaintiff DIAMIN BETHEA had built a rapport with; thus the company dispatch and Plaintiff DIAMIN BETHEA knew each other. The Plaintiff explained that she needed two conjoining days together thus a Wednesday and Thursday, or a Monday and Tuesday, because she could not schedule all of her doctors appointments related to her, Plaintiff DIAMIN BETHEA's pregnancy, on one day of the week. Plaintiff DIAMIN BETHEA specifically mentioned her pregnancy as the reason for the request for accommodation, the conjoining days off.

19. It should be mentioned that the "split schedule" that Plaintiff DIAMIN BETHEA had, made one of her days off on a weekend day at the time, thus the further need, due to her, Plaintiff DIAMIN BETHEA's pregnancy.

20. The position of "dispatch" at Defendant WINFIELD SECURITY is a supervisory position to someone in Plaintiff DIAMIN BETHEA's position.

21. The company dispatch reacted to Plaintiff DIAMIN BETHEA's request for accommodation by deleting Plaintiff DIAMIN BETHEA's work schedule. This was within approximately 24 - 32 hours after she first made the request to have conjoining days off due to her, Plaintiff DIAMIN BETHEA's pregnancy. Indeed Plaintiff DIAMIN BETHEA lost two days of work for this illegal conduct, but was later restored to the schedule a day later by a human resources supervisor and her supervisor in a meeting that occurred on December 28, 2023, made in response to the retaliation perpetrated by Defendant WINFIELD SECURITY's dispatch. Plaintiff DIAMIN BETHEA lost the workday before and also was off the schedule for her scheduled day off during that two (2) day period. Thus Plaintiff DIAMIN BETHEA lost a day off and a workday as "off the schedule." This is directly in retaliation for the Plaintiff DIAMIN BETHEA requesting conjoining days for her, Plaintiff DIAMIN BETHEA's, days off and generally the requests for accommodation made by Plaintiff DIAMIN BETHEA for her pregnancy. Such is illegal conduct on the part of Defendant WINFIELD SECURITY.

22. There can be little doubt that the mental health shelter assignment on behalf of Defendant WINFIELD SECURITY is a tougher assignment than can be provided to Plaintiff DIAMIN BETHEA on behalf Defendant WINFIELD SECURITY. For example, the Plaintiff was employed at the facility, in December 2022, when there was a stabbing on the premises.

23. Also, for example, on January 14, 2023, Plaintiff DIAMIN BETHEA was riding in the elevator and was assaulted by one of the patients and residents in the facility. The resident who attacked Plaintiff DIAMIN BETHEA was hospitalized in another psychiatric facility. Thus the very fear the Plaintiff had exclaimed several times regarding her safety and the safety of her unborn child had come to fruition.

24. In December 2022, in response to the illegal retaliation conducted by Defendant WINFIELD SECURITY's dispatch, and in delayed response, to the Plaintiff DIAMIN BETHEA's numerous requests for lighter work and other required accommodations for her pregnancy, by law; Defendant's human resources representative and the Plaintiff's supervisor, her "account manager" discussed the situation in person.

25. Both the account manager and the human resources representative affirmatively indicated knowledge of the Plaintiff's pregnancy at this meeting.

26. Both the account manager and the human resources representative affirmatively indicated that the Defendant WINFIELD SECURITY dispatch had acted improperly.

27. Both the account manager and the human resources representative agreed that the Plaintiff should receive conjoining days off due to her pregnancy.

28. However the account manager and the human resources representative did not discuss, despite the Plaintiff DIAMIN BETHEA requesting a discussion on the subject of a transfer and light work. Such conduct on behalf of Defendant WINFIELD SECURITY is illegal.

29. Further both the account manager and the human resources representative affirmatively indicated the Plaintiff DIAMIN BETHEA had acted improperly by engaging in a heightened argument with the dispatch for the dispatch's retaliatory conduct. This is in and of itself retaliatory conduct for which Defendant WINFIELD SECURITY is responsible.

## CAUSES OF ACTION

### FIRST CLAIM: ILLEGAL DISCRIMINATION

**ILLEGAL EMPLOYMENT PRACTICES BASED UPON PREGNANCY AS DESCRIBED IN 42 U.S. Code § 2000e–2**

**AGAINST Defendant WINFIELD SECURITY CORPORATION**

30. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

31. Plaintiff, as stated generally in this COMPLAINT *supra,* is being discriminated against because of her pregnancy by her employer, Defendant WINFIELD SECURITY.

32. Plaintiff as stated in this COMPLAINT *supra* is entitled to light work, requested such accommodations and was never provided such accommodation by her employer, Defendant WINFIELD SECURITY.

33. Thus the prohibition against unlawful employment practices made unlawful by Title VII of the Civil Rights Act of 1964, contained in 42 U.S.C. § 2000e-2, as amended by the Pregnancy Discrimination act of 1978, 42 U.S.C. § 2000e(k) was violated by Defendant WINFIELD SECURITY.

### SECOND CLAIM: ILLEGAL DISCRIMINATION

**ILLEGAL EMPLOYMENT PRACTICES BASED UPON PREGNANCY AS DESCRIBED IN New York State Human Rights Law N.Y. Executive Law, Article 15 § 296.**

**AGAINST Defendant WINFIELD SECURITY CORPORATION**

34. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

35. Plaintiff, as stated generally in this COMPLAINT *supra,* is being discriminated against because of her pregnancy by her employer, Defendant WINFIELD SECURITY.

36. Plaintiff as stated in this COMPLAINT *supra* is entitled to light work, requested such accommodations and was never provided such accommodation by her employer, Defendant WINFIELD SECURITY.

37. Defendant WINFIELD SECURITY illegally refused to provide reasonable accommodations on behalf of Plaintiff DIAMIN BETHEA in relation with her employment with Defendant and her pregnancy.

38. The Defendant WINFIELD SECURITY has willfully violated the anti-discrimination portion of the New York State Human Rights Law N.Y. Executive Law, Article 15 § 296.

## THIRD CLAIM: ILLEGAL DISCRIMINATION

**ILLEGAL EMPLOYMENT PRACTICES BASED UPON PREGNANCY AS DESCRIBED IN New York City Human Rights Law 8 Admin. Code of the City of New York § 8-107.**

**AGAINST Defendant WINFIELD SECURITY CORPORATION**

39. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

40. Plaintiff, as stated generally in this COMPLAINT *supra,* is being discriminated against because of her pregnancy by her employer, Defendant WINFIELD SECURITY.

41. Plaintiff as stated in this COMPLAINT *supra* is entitled to light work, requested such accommodations and was never provided such accommodation by her employer, Defendant WINFIELD SECURITY.

42. Defendant WINFIELD SECURITY illegally refused to provide reasonable accommodations on behalf of Plaintiff DIAMIN BETHEA in relation with her employment with Defendant and her pregnancy.

### FOURTH CLAIM: ILLEGAL RETALIATORY DISCRIMINATION

### ILLEGAL EMPLOYMENT PRACTICES BASED UPON MAKING CHARGES, TESTIFYING, ASSISTING, OR PARTICIPATING IN THE ENFORCEMENT OF A TITLE VII CLAIM AS DESCRIBED IN 42 U.S.C. § 2000e-3

### AGAINST Defendant WINFIELD SECURITY CORPORATION

43. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

44. Plaintiff DIAMIN BATHEA, as stated in paragraph 21 *supra,* was taken off the schedule for two days from her position with Defendant WINFIELD SECURITY.

45. As alleged in paragraph 21 *supra* such suspension of the Plaintiff DIAMIN BATHEA was not for any legitimate reason under color of law but was indeed executed to discriminate against her for her role in asserting her protected rights under law.

### FIFTH CLAIM:  ILLEGAL RETALIATORY DISCRIMINATION

### ILLEGAL EMPLOYMENT PRACTICES IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW

### AGAINST Defendant WINFIELD SECURITY CORPORATION

46. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

47. The Defendants have colluded to willfully violate the anti-discrimination portion of the New York State Human Rights Law N.Y. Executive Law, Article 15 § 296 (7).

## SIXTH CLAIM: ILLEGAL RETALIATORY DISCRIMINATION

### ILLEGAL EMPLOYMENT PRACTICES IN VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW

### AGAINST Defendant WINFIELD SECURITY CORPORATION

48. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

49. The Defendants have colluded to willfully violate the anti-discrimination portion of the New York City Human Rights Law. 8 Admin. Code of the City of New York § 8-107 (7).

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

a. Compensatory damages in the amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this Court may deem just and proper.

Dated: February 3, 2023
New York, NY

                                              /s/ *Kareem E. Abdo*
                                              Kareem E. Abdo, Esq.
                                              30 Wall Street
                                              Floor 8
                                              New York, NY 10005
                                              Tel: (212) 439-4723
                                              Fax: (212) 943-2300
                                              E-mail: kareemabdolaw@gmail.com

                                              *Attorney for Plaintiff*