UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――-―――――――――――――――――X
Diamin Bethea,

      -Plaintiff    **Civil Action No.: 23-CV-922(AT)**

-against-

Winfield Security Corporation,
      -Defendant.
―――――――――――――――――――X

MEMORANDUM OF LAW IN SUPPORT OF
LOCAL RULE 6.3 FOR RECONSIDERATION

            RESPECTFULLY SUBMITTED,

            KAREEM E. ABDO, ESQ.
            *Attorney for Plaintiff*
            30 Wall Street
            Floor 8
            New York, NY 10005
            Tel: (212) 439-4723
            Fax: (212) 943-2300
            E-mail: kareemabdolaw@gmail.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ……………………………………………………………………ii

PRELIMINARY STATEMENT………………………………………………………………1

LEGAL DISCUSSION…………………………………………………………………….....1

NYSHRL LIABILITY IS ALSO PLED………………………………………………………7

NYCHRL LIABILITY IS ALSO PLED………………………………………………………9

CONCLUSION……………………………………………………………………………10

# TABLE OF AUTHORITIES

**CASES**

Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456 (2d Cir. 2001)……………………..……4

Ali-Hasan v. St. Peter's Health Partners Med. Assocs., No. 22-2669 (2d Cir. Nov. 7, 2023)……..5

Ashcroft v. Iqbal, 556 U.S. 662 (2009)……………………………………………………….. 2

Banks v. Gen. Motors, LLC, No. 21-2640 (2d Cir. Sep. 7, 2023)……………………………..5, 7

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ……………………………………………. 8

Board Educ. Pawling Ctrl. Sch. Dist. v. Schutz, 290 F.3d 476 (2d Cir. 2002)……………………3

Byrnie v. Town of Cromwell, 243 F.3d 93 (2d Cir. 2001) …………………………………….4

Conley v. Gibson, 355 U.S. 41 (1957) ……………………………………………………….6

Cook v. Arrowsmith Shelburne, Inc., 69 F.3d 1235 (2d Cir. 1995)……………………………. 4

Coronado v Weill Cornell Med. Coll., 66 Mise. 3d 404 [Sup. Ct. NY County 2019]…………..10

Esden v. Bank of Boston, 229 F.3d 154 (2d Cir. 2000) ………………………………………. 9

Hishon v. King Spalding, 467 U.S. 69 (1984) ………………………………………………..6

Holcomb v. Iona Coll., 521 F.3d 130 (2d Cir. 2008) ………………………………………… 4

Kerzer v. Kingly Mfg., 156 F.3d 396 (2d Cir. 1998) ………………………………………….4

Lanza v. Whole Foods Mkt. Grp., 2023 N.Y. Slip Op. 30049 (N.Y. Sup. Ct. 2023) ………….8, 9

Lee v. Bankers Trust Co., 166 F.3d 540 (2d Cir. 1999) ……………………………………… 3

Legg v. Ulster Cnty. 820 F.3d 67 (2d Cir. 2016) …………………………………………… 2

Liberty Media Corp. v. Vivendi Universal, S.A., 861 F. Supp. 2d 262 (S.D.N.Y. 2012) ………..1

Littlejohn v. City of N.Y., 795 F.3d 297 (2d Cir. 2015) ……………………………………. 2, 3

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)……………………………………….2, 4

McKenna v. Santander Inv. Sec., Inc. (2022 U.S. Disk Lexis 134544 [SDNY 2022]…………10

Neary v. Gruenberg, No. 17-2470-cv (2d Cir. Apr. 5, 2018) …………………………………….. 2

Quaratino v. Tiffany Co., 71 F.3d 58 (2d Cir. 1995) …………………………………………… 4

Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)……………………………………………. 6, 7

Tarshis v. Riese Organization, 211 F.3d 30 (2d Cir. 2000) ……………………………………… 4

Tex. Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981) ……………………………………..4

Tolbert v. Smith, 790 F.3d 427 (2d Cir. 2015) ………………………………………………….. 5

Tyler v. Bethlehem Steel Corp., 958 F.2d 1176 (2d Cir. 1992) ………………………………….. 5

Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72 (2d Cir. 2015) ………………………….5

Wilder v. News Corp., 11 Civ. 4947 (PGG) (S.D.N.Y. Sep. 20, 2016) …………………………..1

Xiang v. Eagle Enters., LLC, No. 19 Civ. 1752, 2020 WL 248941 (S.D.N.Y. Jan. 16, 2020) …..2, 3, 4.

Yuyan Lin v. Amazon.com, 21-CV-6203 (KAM)(MMH) (E.D.N.Y. Sep. 5, 2023)………………8

Zimmermann v. Associates First Capital Corp., 251 F.3d 376 (2d Cir. 2001) …………………. 4

**RULES & STATUTES**

Title VII ……………………………………………………………………………… 4, 8

Federal Rule of Civil Procedure 8……………………………………………………………… 6

Federal Rule of Civil Procedure 12……………………………………………………1, 2, 6, 11

Federal Rule of Civil Procedure 56 …………………………………………………………….. 6

SDNY and EDNY Local Rule 6.3 ……………………………………………………………… 1

New York State Pregnant Workers Fairness Act ……………………………………………… 7

New York State Human Rights Law ………………………………………………………… 8

New York City Human Rights Law ………………………………………………………… 9

## PRELIMINARY STATEMENT

This Honorable Court is incorrect that Plaintiff DIAMIN BETHEA failed to plead an inference of discrimination. As such, her first three (3) claims should survive Defendant WINFIELD SECURITY CORPORATION's Rule 12(c) motion, filed on (Docket No. 36), as Defendant WINFIELD SECURITY CORPORATION is required to accommodate Plaintiff DIAMIN BETHEA when she showed both discriminatory motive and the affirmative responsibility by her employer, the Defendant, regarding her requests for light-duty work.

## LEGAL DISCUSSION

"Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court." Wilder v. News Corp., 11 Civ. 4947 (PGG), at *6 (S.D.N.Y. Sep. 20, 2016). "A motion for reconsideration is appropriate where " 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.' " A motion for reconsideration may also be granted to " 'correct a clear error or prevent manifest injustice.' " ". Liberty Media Corp. v. Vivendi Universal, S.A., 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012).

Here, Defendant WINFIELD SECURITY CORPORATION's Fed. R. Civ. Pro. 12 (c) motion (Docket No. 36) fails in its entirety, as to all counts, because Plaintiff DIAMIN BETHEA has shown illegal animus by the Defendant WINFIELD SECURITY CORPORATION. Thus the Rule 6.3 standard is met.

An employment discrimination plaintiff needs to survive a relaxed *McDonnell Douglas* inquiry to defeat a Rule 12(c) analysis. (SUMMARY ORDER) Neary v. Gruenberg, No. 17-2470-cv, at *8-9 (2d Cir. Apr. 5, 2018):

> "At the pleadings stage for a claim of intentional employment discrimination, "the prima facie requirements are relaxed," such that a plaintiff "can establish a prima facie case without evidence sufficient to show discriminatory motivation." Littlejohn, 795 F.3d at 307 (citing McDonnell Douglas, 411 U.S. at 802). This Court, applying the *McDonnel Douglas* standard, has adopted a four-part test for assessing whether a plaintiff's intentional employment discrimination claim survives a 12(b)(6) motion; the plaintiff must make "a showing (1) that she is a member of a protected class, (2) that she was qualified for the position she sought, (3) that she suffered an adverse employment action, and (4) can sustain a *minimal* burden of facts suggesting an inference of discriminatory motive." *See id*. at 311. *Iqbal*'s "plausibility" requirement, which underpins the minimal burden standard from *Littlejohn*, "'asks for more than a sheer possibility that a defendant has acted lawfully.'" *Id*. at 310-11 (quoting Iqbal, 556 U.S. at 678).")." (Internal citations included).

Here the Plaintiff DIAMIN BETHEA did do just that. (1) she was a pregnant woman at the time of the COMPLAINT (2) she was qualified for the position she was employed for and indeed did perform her responsibilities (3) she was not provided a reasonable accommodation for her pregnancy, Xiang v. Eagle Enters., LLC, No. 19 Civ. 1752, 2020 WL 248941, at *4 (S.D.N.Y. Jan. 16, 2020) (*quoting* Legg v. Ulster Cnty. 820 F.3d 67, 73 (2d Cir. 2016)), as well as other adverse employment actions including illegal retaliation, and the non-addressing of her requests for accommodation, including a transfer and (4) paragraphs 24, 28 and 29 of the COMPLAINT

(Docket No. 1)[1] indicate discriminatory motive when management intentionally, tricked her, and intentionally "avoided" discussing her request for accommodation of a transfer. Board Educ. Pawling Ctrl. Sch. Dist. v. Schutz, 290 F.3d 476, 479 (2d Cir. 2002) ("We must accept as true the allegations contained in the complaint, and *all reasonable inferences must be drawn in favor of the non-movant*. Lee v. Bankers Trust Co., 166 F.3d 540, 543 (2d Cir. 1999)."). (Emphasis added) (Internal citations included).

Indeed even if there is a requirement that the Defendant WINFIELD SECURITY CORPORATION did accommodate others similar in their ability or inability to work, such information is adequately pled here as Plaintiff DIAMIN BETHEA did not fail in her duties, but rather, was fully able and did perform her duties. However she was highly-concerned due to the population of the mental-health shelter. Further this is a showing that need only be minimal and indicate that an illegal policy is plausible, which Plaintiff DIAMIN BETHEA did do in the COMPLAINT in paragraphs 24, 28 and 29. *See* Xiang v. Eagle Enters., 19 Civ. 1752 (PAE), at *8 (S.D.N.Y. Jan. 16, 2020); *see also* Littlejohn v. City of N.Y., 795 F.3d 297, 311 (2d Cir. 2015) ("The facts required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a *minimal inference* of discriminatory motivation."). (Emphasis added).

Plaintiff DIAMIN BETHEA had asked for the transfer and indeed that was one of the stated purposes of her request for a meeting. COMPLAINT ¶ 24. A specific showing of

---

[1] Indeed on March 1, 2023 I met with the Plaintiff and the same individuals described by paragraphs 24, 28, and 29 of the COMPLAINT and requested the same relief of a transfer. This judicially noticeable fact indicates the illegal motive described in the conjoining paragraph to this instant footnote in this memorandum of law.

3

disparate treatment is not required. Zimmermann v. Associates First Capital Corp., 251 F.3d 376, 381 (2d Cir. 2001):

> ("We have characterized the evidence necessary to satisfy this initial burden as "minimal" and *"de minimis," see, e.g.,* Byrnie v. Town of Cromwell, 243 F.3d 93, 101 (2d Cir. 2001); Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 467 (2d Cir. 2001), and the mere fact that a plaintiff was replaced by someone outside the protected class will suffice for the required inference of discrimination at the *prima facie* stage of the Title VII analysis, *see* Tarshis v. Riese Organization, 211 F.3d 30, 36 (2d Cir. 2000); Cook v. Arrowsmith Shelburne, Inc., 69 F.3d 1235, 1239 (2d Cir. 1995).").

*See also* Xiang v. Eagle Enters., 19 Civ. 1752 (PAE), at *9 (S.D.N.Y. Jan. 16, 2020):

> ("That is because, as pled in Xiang's complaint, there is *no indication that any of the decisionmakers in Xiang's case were pregnant.* Because Xiang has exclusively pled employment discrimination on the basis of her pregnancy, the shared gender of Xiang and her superiors does not undermine Xiang's prima facie showing of discrimination.").[2]

If the plaintiff satisfies the prima facie requirements,

> "the burden shifts to the defendant to articulate some legitimate, non-discriminatory reason for its action." Holcomb v. Iona Coll., 521 F.3d 130, 138 (2d Cir. 2008) (internal quotation marks and citation omitted). If the defendant does so, the plaintiff is no longer

---

[2] Thus the actions of the Defendant WINFIELD SECURITY WINFIELD SECURITY CORPORATION violates the *McDonnell Douglas* test for discrimination. Pregnancy is a protected class and traditional rules of analyzing the same are required by Courts of Law. Kerzer v. Kingly Mfg., 156 F.3d 396, 401 (2d Cir. 1998) (""A plaintiff can establish a prima facie case of pregnancy discrimination under Title VII by showing that: (1) she is a member of a protected class; (2) she satisfactorily performed the duties required by the position; (3) she was discharged; and (4) her position remained open and was ultimately filled by a non-pregnant employee." Quaratino v. Tiffany Co., 71 F.3d 58, 64 (2d Cir. 1995) (*citing* McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. at 1824 and Tex. Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). Alternatively, *a plaintiff may establish the fourth element of a prima facie case by demonstrating that the discharge occurred in circumstances giving rise to an inference of unlawful discrimination.*") (Emphasis added) (Citations Augmented).

entitled to a presumption of discrimination, but "may still prevail by showing . . . that the employer's determination was in fact the result of [the prohibited] discrimination." *Id.*"

(SUMMARY ORDER) <u>Ali-Hasan v. St. Peter's Health Partners Med. Assocs.</u>, No. 22-2669, at *3-4 (2d Cir. Nov. 7, 2023).

Here the Defendant did not state a business judgment reason for their decision. Therefore the inquiry should end after the four part test.

Thus, there is a misapplied requirement that a pregnant woman be burdened to show disparate treatment to show discriminatory intent. This is because, "A plaintiff may prove discrimination either by direct evidence of intent to discriminate or "indirectly showing circumstances giving rise to an inference of discrimination."" <u>Vega v. Hempstead Union Free Sch. Dist.</u>, 801 F.3d 72, 87 (2d Cir. 2015); *see also* <u>Tolbert v. Smith</u>, 790 F.3d 427, 436-37 (2d Cir. 2015) (citation augmented). To prove discrimination indirectly, a plaintiff can meet the requirements of the *McDonnell Douglas* burden shifting framework or "by otherwise creating a 'mosaic' of intentional discrimination by identifying 'bits and pieces of evidence' that together give rise to an inference of discrimination." *Id*. (internal marks and citation omitted)." <u>Banks v. Gen. Motors, LLC</u>, No. 21-2640, at *53 (2d Cir. Sep. 7, 2023). Thus requiring a pregnant or formerly pregnant woman to plead disparate treatment as the only means of proving illegal discrimination runs afoul of the Title VII enacting authority. Further such a requirement requires a Plaintiff who is a pregnant or formerly pregnant woman to show discriminatory intent in only one way, which also runs afoul of traditional rules regarding the proving of intent that is used by this Honorable Court and the various circuit and district courts of the United States. *See* <u>Tyler v. Bethlehem Steel Corp.</u>, 958 F.2d 1176, 1183-84 (2d Cir. 1992).

5

Even if it is required for a pregnant woman to show disparate treatment, which it is not, then still, federal pleading standards allow a complaint, which pleads the other necessary elements of a discrimination claim, to survive a rule 12(c) inquiry; a plausible claim is made in such circumstances, and the need to allow discovery on this issue of disparate treatment, before a claim is dismissed, is guaranteed by the federal rules of civil procedure. *See* <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 513-14 (2002):

> ("Other provisions of the Federal Rules of Civil Procedure are inextricably linked to Rule 8(a)'s simplified notice pleading standard. Rule 8(e)(1) states that "[n]o technical forms of pleading or motions are required," and Rule 8(f) provides that "[a]ll pleadings shall be so construed as to do substantial justice." Given the Federal Rules' simplified standard for pleading, "[a] court may dismiss a complaint only *if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations*." <u>Hishon v. King Spalding</u>, 467 U.S. 69, 73 (1984). If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56. The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to *focus litigation on the merits of a claim*. *See* <u>Conley v. Gibson</u>, 355 U.S. 41, 48 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits").") (Emphasis added) (Internal citations included) (Citations augmented).

*see also* Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511-12 (2002):

> "It thus seems incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered."

*see further* Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002):

> "Under the Second Circuit's heightened pleading standard, a plaintiff without direct evidence of discrimination at the time of his complaint must plead a prima facie case of discrimination, even though discovery might uncover such direct evidence."

Thus DIAMIN BETHEA may determine that disparate treatment did in fact exist when it is plausible that animus towards her, and her pregnancy, existed. E.g. ¶¶ 16, 17, 21, 24, 28 and 29 of the COMPLAINT. Likewise Plaintiff DIAMIN BETHEA may also determine if an intentional illegal motive against her existed due to her pregnancy. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511-12 (2002). Such illegal intentional motive is plausible, the plausible motive to discriminate, against pregnancies generally, and as a policy, when considering the refusal for a transfer, as there was the refusal to discuss the transfer, and the multiple instances of illegal retaliation. Banks v. Gen. Motors, LLC, No. 21-2640, at *53 (2d Cir. Sep. 7, 2023).

## NYSHRL LIABILITY IS ALSO PLED

Congruently, the New York State legislature added the pregnancy accommodation provisions, known as the "New York State Pregnant Workers Fairness Act," to the NYSHRL in 2015, explicitly to fill this misapplied gap which has arose in federal case law, which, merely required employers to treat pregnant employees "the same . . . as other non-pregnant persons similar in their ability or inability to work." 2 S8, 2015–16 Sess. (N.Y. 2015), *available at* https://

www.nysenate.gov/legislation/bills/2015/2015-s8; also available as EXHIBIT A, (explaining the inadequate protection afforded by Title VII, which the New York State Pregnant Workers Fairness Act was enacted to fix). So, even if the federal claims are dismissed, which they should not be, then the NYSHRL has been specifically enacted and amended to protect workers like Plaintiff DIAMIN BETHEA. *Id.*; *see also* Lanza v. Whole Foods Mkt. Grp., 2023 N.Y. Slip Op. 30049, 4 (N.Y. Sup. Ct. 2023):

> "Both HRLs provide what could be considered broader protections to employees with pregnancies. NYSHRL provides, in §296 (3) (a), that "it shall be an *unlawful discriminatory practice* for an employer, licensing agency, employment agency or labor organization *to refuse* to provide *reasonable accommodations* to the known disabilities, or pregnancy-related conditions, of an employee, prospective employee or member in connection with a job or occupation sought or held."" (Emphasis added) (Internal citations included).

Plaintiff DIAMIN BETHEA pled that WINFIELD SECURITY CORPORATION violated that very code of conduct. *E.g.* ¶¶ 16, 17, 21, 24, 28 and 29 of the COMPLAINT.

Further and cumulatively some courts have applied a disability analysis to pregnancy accommodations setting out a four part test that Plaintiff DIAMIN BETHEA also met in her COMPLAINT. *See* Yuyan Lin v. Amazon.com, 21-CV-6203 (KAM)(MMH), at *10-17 (E.D.N.Y. Sep. 5, 2023). Thus a successful claim will be made when "(1) [the] plaintiff is a person with a disability under the meaning of the [applicable statute]; (2) an employer covered by the statute had notice of [her] disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Id.* at 10. Under either analysis Plaintiff DIAMIN BETHEA has pled an

8

appropriate amount of factual detail necessary.  *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

## NYCHRL LIABILITY IS ALSO PLED

Like the NYSHRL, "[t]he NYCHRL is *explicitly* more protective than the federal Title VII protections not specifically amended subsequent to the filing of this instant litigation, *and* the NYSHRL, and requires employers to make reasonable accommodations for pregnancy, "regardless of whether and to what degree other employees are accommodated." N.Y.C. COMM'N ON HUMAN RIGHTS, LEGAL ENFORCEMENT GUIDANCE, at 7 (July 2021), *available at* https://www.nyc.gov/assets/cchr/downloads/pdf/publications/Pregnancy_InterpretiveGuide_2021.pdf.; *also available as* EXHIBIT B.  That is, the NYCHRL contains not only a prohibition on pregnancy discrimination but also, an affirmative right to pregnancy accommodation.  *See* N.Y.C. Admin. Code § 8-107(22)(a):

> "It shall be an unlawful *discriminatory practice* for an employer to *refuse to provide a reasonable accommodation . . .* to the needs of an employee for the employee's pregnancy, childbirth, or related medical condition." (Emphasis added)

*see also* Memorandum of Law in Opposition (Docket No. 37). at 12–13 (explaining employers' affirmative accommodation obligations under the NYCHRL and appending a notice from the New York City Commission on Human Rights explaining the same).  That Commission's determination is binding instantly.  *See* Esden v. Bank of Boston, 229 F.3d 154, 168 (2d Cir. 2000) ("It is well-settled that "an agency's reasonable, consistently held interpretation of its own regulation is entitled to deference."").

In determining the very question before this Honorable Court, a New York State Supreme Court, in one of the five counties that make up New York City said, in <u>Lanza v. Whole Foods Mkt. Grp.</u>, 2023 N.Y. Slip Op. 30049, 4-5 (N.Y. Sup. Ct. 2023):

> "NYCHRL is essentially identical. It states, in § 8-107 (22) (a), that: "It shall be an unlawful discriminatory practice for an employer to refuse to provide a reasonable accommodation...to the needs of an employee for the employee's pregnancy, childbirth, or related medical condition that will allow the employee to perform the essential requisites of the job provided that [the employee's pregnancy] ... is known or should have been known by the employer."Instead of requiring employees who are pregnant to demonstrate that their employer treated similarly situated employees *without* pregnancies differently, *these statutes instruct that a plaintiff may establish a pregnancy discrimination claim by pointing to reasonable accommodations that the employer denied.* (*See* <u>Coronado v Weill Cornell Med. Coll.</u>*,* 66 Misc. 3d 404, 410-411 [Sup. Ct. NY County 2019].) Moreover, without a carve out, the language is clear that an employee with a pregnancy may prove her cause of action in this method regardless of whether she has alleged an adverse employment action. Put slightly differently, there is no reason to think, as Whole Foods appears to, that the statute applies any less here than in *Coronado* or <u>McKenna v. Santander Inv. Sec., Inc.</u> (2022 U.S. Disk Lexis 134544 [SDNY 2022])-both of which involved plaintiffs who had alleged such adverse employment actions."). (Emphasis added) (Internal citations included).

## **CONCLUSION**

Defendant WINFIELD SECURITY CORPORATION's Fed. R. Civ. Pro. 12 (c) motion fails in its entirety as Plaintiff DIAMIN BETHEA showed both discriminatory motive and the affirmative responsibility by her employer, the Defendant, regarding her requests for light-duty work. Thus her first three claims and indeed all six of her claims made in the COMPLAINT should proceed to discovery.

Respectfully submitted,

Dated: December 28, 2023
New York, NY

/s/ *Kareem E. Abdo*
KAREEM E. ABDO, ESQ.
*Attorney for Plaintiff*
30 Wall Street
Floor 8
New York, NY 10005
Tel: (212) 439-4723
Fax: (212) 943-2300
E-mail: kareemabdolaw@gmail.com