UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Diamin Bethea,

                        Plaintiff,

-against-

Winfield Security Corporation,

                        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _05/29/2024_

23 Civ. 922 (AT)

**<u>ORDER</u>**

ANALISA TORRES, District Judge:

      Plaintiff, Diamin Bethea, brings pregnancy-discrimination and retaliation claims against her employer, Winfield Security Corporation ("Winfield"), under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*.; the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec Law § 296 *et seq*.; and the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq*.  Compl., ECF No. 1.  By order dated December 14, 2024 (the "Order"), the Court granted in part and denied in part Winfield's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  Order, ECF No. 43.

      Now before the Court is Bethea's motion for reconsideration of the dismissal of her NYCHRL and NYSHRL discrimination claims.  Pl. Mot., ECF No. 44; Pl. Mem., ECF No. 44-1.  A collection of "nonprofit organizations committed to protecting the rights of low-wage pregnant and postpartum New Yorkers" filed an *amici curiae* brief in support of Bethea's motion.  Amici Br. at v, ECF No. 49.  For the reasons stated below, Bethea's motion is GRANTED.

**LEGAL STANDARD**

      Bethea moves for reconsideration under Local Rule 6.3, which provides that a "notice of motion for reconsideration or reargument of a court order determining a motion . . . shall be served with . . . a memorandum setting forth concisely the matters or controlling decisions which

counsel believes the Court has overlooked." "Thus, to be entitled to reargument and reconsideration, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Dietrich v. Bauer,* 198 F.R.D. 397, 399 (S.D.N.Y. 2001). The movant must also demonstrate that the controlling law or factual matters "might reasonably be expected to alter the [C]ourt's decision." *Montanile v. Nat'l Broad. Co.,* 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002).

Rule 6.3 is to be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dietrich*, 198 F.R.D. at 399. A party "may not advance new arguments or requests for relief in a motion for reconsideration if they were not previously presented to the Court." *In re Furstenburg Finance SAS,* 785 F. App'x 882, 886 (2d Cir. 2019) (summary order) (quotation marks omitted). And, motions for reconsideration are "committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigr. & Customs Enf't,* No. 14 Civ. 6117, 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citation omitted).

## DISCUSSION[1]

In the Order, the Court interpreted Bethea's NYSHRL claim to allege that Winfield discriminated against her by failing to provide her with "light work" during her pregnancy. Order at 5–6; *see* N.Y. Exec. Law § 296(1)(a); Compl. ¶ 38 (alleging that Winfield "violated the anti-discrimination portion" of the NYSHRL). The Court noted that the Second Circuit "typically treat[s] Title VII and NYHRL discrimination claims as analytically identical, applying the same standard of proof to both claims." Order at 6 (quoting *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 107 n.7 (2d Cir. 2019)). Applying the Title VII standard for discrimination claims, the Court

---

[1] The Court assumes familiarity with the facts of this case as set forth in the Order.

2

found that Bethea had adequately alleged that (1) she was pregnant at the relevant time, (2) she sought an accommodation for her pregnancy, and (3) Winfield did not accommodate her request. Order at 6–7.  But, the Court held that she had not alleged the fourth element of a *prima facie* discrimination case: that Winfield "did accommodate others similar in their ability or inability to work."  *Id.* at 7 (quoting *Legg v. Ulster Cnty.*, 820 F.3d 67, 73 (2d Cir. 2016)).

As *amici* helpfully explain, Bethea's complaint could also be read to state a claim under § 296(3)(a) of the NYSHRL, which prohibits employers from "refus[ing] to provide reasonable accommodations to the . . . pregnancy-related conditions[] of an employee."  N.Y. Exec. Law § 296(3)(a); *see* Amicus Br. at 9 n.4.  Although NYSHRL discrimination claims under § 296(1)(a) are subject to Title VII standards, pregnancy-related accommodation claims under § 296(3)(a) are "governed by the same legal standards as govern federal [Americans with Disabilities Act ('ADA')] claims."  *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006); *accord Tafolla v. Heilig*, 80 F.4th 111, 118 (2d Cir. 2023).  To establish a *prima facie* pregnancy discrimination case based upon a failure to accommodate, a plaintiff must allege that:

> (1) [she] is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of [her] disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations.

*Tafolla*, 80 F.4th at 118.

Bethea's complaint sufficiently pleads these elements: she alleges that (1) she was pregnant, a condition covered by the NYSHRL, Compl. ¶ 14; (2) she informed Winfield of her condition, *id.* ¶ 15; (3) with a reasonable accommodation, such as light work, she could have adequately performed her job, *id.* ¶ 16; and (4) Winfield refused to provide her light work, *id.*  Accordingly, as to her second claim, Bethea's motion for reconsideration is GRANTED.

3

Similarly, the Court interpreted Bethea's NYCHRL claim to allege pregnancy-related discrimination, which required her to plead facts suggesting differential treatment because of her pregnancy. Order at 7–8; *see* Compl. ¶ 40 (alleging that Bethea "is being discriminated against because of her pregnancy by her employer"); N.Y.C. Admin. Code § 8-107(1)(a)(3). But, the Complaint could also be read to raise a failure-to-accommodate claim under the NYCHRL, which is evaluated under a more lenient standard. *See* Compl. ¶ 41; N.Y.C. Admin. Code § 8-107(22). To state a claim under the NYCHRL for failure to accommodate based on pregnancy, a plaintiff need only allege that (1) "her employer was aware of her pregnancy," (2) she requested a reasonable accommodation for pregnancy; and (3) her employer denied the request. *See Xiang v. Eagle Enters., LLC*, No. 19 Civ. 1752, 2020 WL 248941, at *7 (S.D.N.Y. Jan. 16, 2020); *accord Lanza v. Whole Foods Mkt. Grp., Inc.*, No. 154534/2022, 2023 WL 128757, at *3 (N.Y. Sup. Ct. Jan. 6, 2023). As stated in the Order, Bethea's allegations meet this bar. *See* Order at 6–7. Bethea's motion for reconsideration as to her third claim is, therefore, GRANTED.

## CONCLUSION

For the reasons set forth above, Bethea's motion for reconsideration of the dismissal of her NYSHRL and NYCHRL pregnancy-discrimination claims is GRANTED. The parties shall proceed with discovery on the second and third counts of Bethea's complaint. The Court shall refer the parties to mediation by separate order.

The Clerk of Court is directed to terminate the motion at ECF No. 44.

SO ORDERED.

Dated: May 29, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge